IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISHMAEL A. BURK**, *et al.*, | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4233 |
| | : | |
| **WELLPATH**, *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**                                                                                                            **JANUARY 16, 2024**

      Plaintiff Ishmael A. Burk, a convicted prisoner currently housed at SCI Chester and frequent litigator in this Court and others,[1] has filed a *pro se* civil action pursuant to 42 U.S.C. § 1983 along with several co-plaintiffs complaining the Defendants discriminate on the basis of race in providing medical care at SCI Chester. Before the Court is Burk's motion to proceed *in forma pauperis*. (ECF No. 2.) Because Burk has obtained three prior "strikes" and because he has not shown an imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) the Court will deny leave to proceed *in forma pauperis* and require that Burk pay the full filing fee if he wishes to continue with his case.

**I.**       **FACTUAL ALLEGATIONS**

      Briefly, Burk and his co-plaintiffs assert Eighth Amendment claims alleging that Defendants discriminate on the basis of race in the provision of medical care. (Compl. (ECF No.

---

[1] Burk has filed at least thirteen prior cases in this Court. He has also filed numerous cases in the United States District Court for the Middle District of Pennsylvania and the United States District Court for the District of New Jersey. Notably, on the form Burk used to file the current case, in answer to the question asking him if he had ever filed any prior cases in federal or state court relating to the conditions of his imprisonment, he listed only one prior case. (Compl. at 13-14.)

2) at 16.)[2]  They assert that they are African American or Hispanic, and Defendant Wellpath offers white inmates better care "and have misdiagnosed the plaintiffs on multiple occasion[s] because of the color of their skin." (*Id*. at 17.)  Notably, Burk fails to make any allegations about his own problems; rather, the co-plaintiffs collectively allege their "injuries are untreatable to a point Wellpath has completely ignored their calls for medical treatment." (*Id*.)  They also allege collectively that "plaintiffs injuries various [sic] from a collapse lung, injured back, wrist injury, foot injury, neck injury, depression & anxiety." (*Id*. at 7.)

## II.     "THREE-STRIKE" ANALYSIS

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

---

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury.*

28 U.S.C. § 1915(g) (emphasis added). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

        **1.**    **Burk has accumulated three strikes.**

The Court concludes that Burk has accumulated three strikes for purposes of § 1915(g). In *Burk v. Leonhauser*, No. 19-3121, 2019 WL 3889628, (E.D. Pa. Aug. 19, 2019), this Court dismissed Burk's complaint, alleging Fourth and Fourteenth Amendment claims that police planted evidence, as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This dismissal constituted a strike for purposes of § 1915(g). *Garrett v. Murphy*, 17 F. 4th 419, 424 (3d Cir.

3

2021) ("A suit dismissed under *Heck* is dismissed for failure to state a claim and counts as a strike."). In *Burk v. Little*, No. 23-1005, 2023 WL 6962062 (E.D. Pa. Oct. 20, 2023), after Burk's case was partially dismissed on statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, *see id* ECF No. 26, the balance of the case alleging deliberate indifference to serious medical needs was then dismissed with prejudice in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in an opinion by the Honorable Chief Judge Juan R. Sánchez. *Burk*, 2023 WL 6962062, at *3 ("While his sprain was undoubtedly painful, in the absence of any allegations or evidence to suggest it was otherwise debilitating or permanent, Burk has failed to state a claim that the denial of medical care for it violated his rights under the Eighth Amendment"). This dismissal constituted Burk's second strike. *Ball v. Famiglio*, 726 F.3d 448, 466 (3d Cir. 2013) ("because the Court dismissed the complaint on defendants' Rule 12(b)(6) motion and we affirmed, that dismissal caused Ball to accrue a PLRA strike"). In *Burk v. Rugby Lab'ys*, No. 23-11846, 2023 WL 5310534, at *1 (E.D. Mich. Aug. 17, 2023), the United States District Court for the Eastern District of Michigan dismissed Burk's complaint alleging an Eighth Amendment violation concerning multi-vitamins he purchased from the prison commissary under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) with prejudice for failure to state a claim upon which relief may be granted. This dismissal constituted Burk's third "strike" for purposes of § 1915(g).

### 2. The Complaint does not allege imminent danger.

Because Burk has accumulated three strikes, he is "out" and can no longer proceed *in forma pauperis* in any federal court unless he can show that he is in imminent danger of serious physical injury at the time he brought his Complaint. The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious

injury due to his inability to pay a filing fee.  *Ball*, 726 F.3d at 467.  It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger."  *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending."  *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers.  *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger.  *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."  *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir. 2014) (*per curiam*).  In other words, the claimed imminent danger must relate to the legal claims the prisoner pursues.  *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL 1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation of imminent danger and a claim for relief that if granted will preclude the danger from becoming a reality.").

      The co-plaintiffs' allegations about discrimination in the provision of medical care at SCI Chester fail to allege that Burk is in imminent danger of serious physical injury.  While he and his co-plaintiffs make vague, generalized allegations about receiving inadequate medical care in the past, Burk fails to allege any imminently dangerous medical condition that is untreated due to the alleged racism.  Accordingly, the Court finds that the imminent danger exception does not apply.

## III. CONCLUSION

Since Burk is a "three-striker" who is prohibited from proceeding *in forma pauperis* unless he is in imminent danger of serious physical injury at the time of filing of the case, and since he has not alleged he was in imminent danger when the co-plaintiffs submitted the Complaint, the Court will require Burk to pay the fees to commence this civil action. For these reasons, the Court will deny Burk's Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). Should Burk desire to litigate claims in this case, he must pay the full filing fee in advance. An appropriate Order follows.

BY THE COURT:

/s/ Jeffrey L. Schmehl
**JEFFREY L. SCHMEHL, J.**