IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ISHMAEL ALI BURK, JR.,** | : | |
| **MALIK MORAGNE,** | : | |
| **GEORGE PICKETT,** | : | |
| **GABRIEL RIVERA,** | : | |
| **ANGEL VALENTINE,** | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4233** |
| | : | |
| **WELLPATH,** *et al.* | : | |
| Defendants. | : | |

# ORDER

AND NOW, this 22nd day of February, 2024, upon consideration of Plaintiff Malik Moragne's Motion to Proceed *In Forma Pauperis* (ECF No. 9), his Prisoner Trust Fund Account Statement (ECF No. 8), George Pickett's Motion to Proceed *In Forma Pauperis* (ECF No. 10), his Prisoner Trust Fund Account Statement (ECF No. 11) and his *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

1. All claims asserted by Ishmael Ali Burk, Jr., Gabriel Rivera and Angel Valentine are **DISMISSED** without prejudice for failure to prosecute. The Clerk of Court is **DIRECTED** to **TERMINATE** these Plaintiffs as parties.

2. Leave to proceed *in forma pauperis* is **GRANTED** to Malik Moragne and George Pickett pursuant to 28 U.S.C. § 1915.

3. Malik Moragne, #LV-0800, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Moragne's inmate account; or (b) the

average monthly balance in Moragne's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Moragne's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Moragne's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. George Pickett, #QN-3668, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Chester or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Pickett's inmate account; or (b) the average monthly balance in Pickett's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Pickett's inmate trust fund account exceeds $10.00, the Superintendent or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Pickett's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

5. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Chester.

6. The Complaint is **DEEMED** filed.

7. The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

8. Moragne and Pickett may file an amended complaint within thirty (30) days of the date of this Order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Moragne and Pickett's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting their amended complaint, Moragne and Pickett should be mindful of the Court's reasons for dismissing the claims in their initial Complaint as explained in the Court's Memorandum. Both Moragne and Pickett must sign the amended complaint in accordance with Federal Rule of Civil Procedure 11 if they both seek to proceed on their claims. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Moragne and Pickett a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Moragne and Pickett may use this form to file their amended complaint if they chooses to do so.

10. If either Moragne and Pickett does not wish to amend their Complaint and instead intends to stand on their Complaint as originally pled, he or they may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*,

939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11.     If either Moragne and Pickett fails to file any response to this Order, the Court will conclude that he or they intend to stand on their Complaint and will issue a final order dismissing this case.[1]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

action to cure a defective complaint).

**BY THE COURT:**

<u>/s/ Jeffrey L. Schmehl</u>
**JEFFREY L. SCHMEHL, J.**
